U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 2 5 2006

ROBERT H. SHEMWELL, CLERK
BY _____
            DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BILLY LAMPTON<br>FED. REG. NO. 25078-034 | CIVIL ACTION NO. 05-1623-A |
| VS. | SECTION P<br>JUDGE LITTLE |
| FREDERICK MENIFEE, WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2241 on September 14, 2005 by *pro se* petitioner Billy Lampton. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is presently incarcerated at the United States Penitentiary, Pollock, Louisiana where he is serving concurrent sentences of life, 360 months, and 120 months imposed following his 1997 convictions in the United States District Court for the Eastern District of Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### STATEMENT OF THE CASE

The petition, its accompanying memorandum and exhibits, and the published federal jurisprudence, establish the following relevant facts.

On September 27, 1996, the grand jury for the United States

District Court for the Eastern District of Louisiana charged petitioner via superseding indictment with conspiracy to distribute heroin, cocaine, cocaine base and marijuana in violation of 21 U.S.C. §846; three counts of distribution of heroin in violation of 21 U.S.C. §841(a)(1); one count of fraudulent use of a telecommunications instrument in violation of 18 U.S.C. §1029(a)(5); and, one count of engaging in a continuing criminal enterprise in violation of 21 U.S.C. §848.

On March 28, 1997 petitioner was found guilty as charged following trial by jury. On August 6, 1997 he was sentenced to serve 360 months on Counts 1, 2, and 3; 120 months on Count 5; and a term of life imprisonment on Counts 6 and 7. All sentences were ordered to be served concurrently.

Petitioner's convictions and sentences were affirmed on direct appeal. United States v. Lampton, 158 F.3d 251(5th Cir. 1998). The Supreme Court denied his petition for *certiorari*. Lampton v. United States, 525 U.S. 1183, 119 S.Ct. 1124, 143 L.Ed.2d 119 (1999).

Petitioner's Motion to Vacate filed pursuant to 28 U.S.C. §2255 was granted in part and otherwise denied, the court having found that the conviction for conspiracy to possess a controlled dangerous substance (21 U.S.C. §846) was a lesser included offense of operating a continuing criminal enterprise (21 U.S.C. §848) and therefore his convictions for both counts violated the

constitutional prohibition against double jeopardy. As a result of this determination, the conspiracy conviction and its sentence were vacated. See United States of America v. Billy Lampton, 2001 WL 263094 (USDC - EDLa 2001).

Petitioner filed the instant *habeas corpus* petition on September 14, 2005. Petitioner claims that he is actually innocent of the Continuing Criminal Enterprise offense based upon the 2002 decision of the United States Fifth Circuit Court of Appeals in United States v. Bass, 310 F.3d 321 (5th Cir. 2002) which he claims held that a showing of just a "buying and selling" of narcotics, without more, cannot establish a Continuing Criminal Enterprise.

## LAW AND ANALYSIS

The initial inquiry is whether or not petitioner's claim may be properly raised in a § 2241 *habeas corpus* petition. Section 2241 is generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. §2255, provides the process which allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." See Reyes-Requena v. United States, 243

F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir.2000).

Petitioner attacks the legality of his conviction on one count of engaging in a Continuing Criminal Enterprise in violation of 21 U.S.C. §848. Such a claim is more properly raised in a Motion to Vacate filed pursuant to §2255. Therefore petitioner may bring this *habeas* action only if he can

demonstrate that §2255's remedy is "inadequate or ineffective to test the legality of his detention." In order to proceed under §2255's "savings clause" he must establish that: (1) his claim is based on a retroactively applicable <u>Supreme Court</u> decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion. <u>Reyes-Requena</u>, 243 F.3d at 904.

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that the claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first Motion to Vacate. Indeed, the Fifth Circuit noted, with respect to its decision in Bass,

> "In joining those other circuits [<u>United States v. Butler</u>, 885 F.2d 195, 201 (4th Cir.1989); <u>United States v. Witek</u>, 61 F.3d 819, 822 (11th Cir.1995); <u>United States v. Ward</u>, 37 F.3d 243, 247 (6th Cir.1994); <u>United States v. Smith</u>, 24 F.3d 1230, 1234 (10th Cir.1994); <u>United States v. Delgado</u>, 4 F.3d 780, 783 (9th Cir.1993), cases cited earlier in the opinion] and embracing this rule, <u>we are doing no more than making explicit that which we have previously implied</u>. In <u>United States v. Gonzales</u>, [866 F.2d 781, 783 (5th Cir. 1989)] co-defendant Stewart McGlinchey appealed his CCE conviction on the ground that he had only 'a simple buyer-seller relationship with his customers. The evidence revealed, however, that McGlinchey used street salesmen to distribute his cocaine,

> used recruiters to bring people into his drug ring, used former police officers for intelligence and protection, employed drug couriers, controlled the resale of the drugs that he sold to his distributors, provided bail for members of his drug ring, rented vehicles and apartments for subordinates, and used his legitimate business for drug deals and for processing drug proceeds. In light of all that, we concluded that there was 'ample evidence to support the jury's conclusion that McGlinchey organized five or more people in a criminal enterprise.' <u>Our decision in Gonzales can be read to imply the rule that §848 requires a showing of control greater than that involved in a mere buyer-seller relationship, given our confirmation that the evidence contradicted McGlinchey's claim of only a buyer-seller relationship and affirmance of McGlinchey's CCE conviction.</u> United States v. Bass, 310 F.3d 321, 328 (5th Cir. 2002)(emphasis supplied).

Thus, based as it was on the 1989 decision rendered in United States v. Gonzales, 866 F.2d 781, 783 (5th Cir. 1989), the rationale of Bass was not foreclosed by Fifth Circuit Jurisprudence either at the time of petitioner's conviction in 1997, his appeal in 1998 or his previous §2255 Motion in 2001.

Therefore, he cannot proceed under the "savings clause" and his petition for writ of *habeas corpus* must be dismissed.

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation

have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _____, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE